UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
GEORGE GRIGSBY,                )
                               )
     Petitioner,               )
                               )
     v.                        ) Civil Action No. 14-1579 (EGS)
                               )
MARY THOMAS,                   )
Judge, Circuit Court of Cook   )
County, Illinois,              )
                               )
     Respondent.               )
_____)
```

**MEMORANDUM OPINION**

*Pro se* petitioner George Grigsby filed what he has labeled a petition for writ of habeas corpus on September 17, 2014. The petition names as the respondent Judge Mary Thomas. For numerous reasons, as detailed below, this Court *sua sponte* **denies** the petition and **dismisses** this case **without prejudice**.

First, petitioner has styled his filing as a petition for writ of habeas corpus. However, he has not provided any facts suggesting that he is presently in custody nor does he allege any collateral consequence of previous incarceration that justifies his petition. *See Qassim v. Bush*, 466 F.3d 1073, 1076-77 (D.C. Cir. 2006). Second, petitioner has not indicated how Judge Mary Thomas could be his custodian. *See Rumsfeld v. Padilla*, 542 U.S. 426, 438-41 (2004) (indicating that the proper respondent is petitioner's custodian). Finally, if petitioner

1

is confined at all, his confinement appears to be in Chicago, Illinois, not Washington, D.C.

Accordingly, this Court does not have jurisdiction over his habeas petition. *See Stokes v. United States Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004) ("[A] district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction."); *see also McLaren v. United States*, 2 F. Supp. 2d 48, 50 (D.D.C. 1998) (noting that habeas petition pursuant to 28 U.S.C. § 2254 should be brought in district in which prisoners are incarcerated).

Petitioner has previously filed **five separate** habeas petitions in this Court dated January 22, 2007, September 6, 2007, May 20, 2008, October 11, 2012, and September 18, 2013, naming the same respondent, appearing to rely on the same underlying facts, and attaching the same letters to the Illinois Department of Human Services and Circuit Court of Cook County that were attached in this case. *See, e.g., Grigsby v. Thomas*, Civ. A. No. 07-158 (exhibits to January 22, 2007 Petition for Writ of Habeas Corpus). The Court has, on two occasions, transferred this case to the United States District Court for the Northern District of Illinois. The Court has also, on three occasions, dismissed this case without prejudice. In this Court's most recent opinion, the Court transferred this case to

the United States District Court for the Northern District of Illinois.

As part of his new habeas petition, petitioner asks to transfer the case back to the United States District Court for the District of Columbia. Petitioner offers no new arguments for why the case should not be in the Northern District of Illinois. Even if the Court were to construe his new case as the equivalent of a motion for reconsideration of the Court's order transferring the case, petitioner has not provided any basis for why this Court has jurisdiction over any habeas claim because petitioner has not identified a custodian in Washington, D.C.

To the extent that petitioner is challenging any actions of Judge Mary Thomas in her official capacity as a judge in his petition, Judge Thomas is immune from suit. *See Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *see also Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993). Petitioner does not identify what actions respondent took in this case, but he identified a ruling he disagreed with in his prior habeas petition. *See Grigsby*, Civ. A. No. 07-158 (January 22, 2007 Petition for Writ of Habeas Corpus).

For all the foregoing reasons, petitioner's habeas petition is **denied** and this case is **dismissed without prejudice**. An appropriate Order accompanies this Memorandum Opinion.

**Signed:**    Emmet G. Sullivan
              United States District Judge
              September 19, 2014